IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES BRESLIN, on behalf of himself and others similarly situated, | : CIVIL ACTION :  |
| Plaintiff, | : FILED ELECTRONICALLY |
| v. | : ON MARCH 30, 2021 : |
| MPW INDUSTRIAL WATER SERVICES, INC., | : JURY TRIAL DEMANDED : |
| Defendant. | : |

## COMPLAINT – COLLECTIVE/CLASS ACTION

James Breslin ("Plaintiff") brings this lawsuit against MPW Industrial Water Services, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1332(a)(1) and 29 U.S.C. § 216(b).

2. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff resides in Hunlock Creek, PA (Luzerne County).

4. Defendant is a corporation headquartered in Hebron, OH and incorporated in Ohio.

## FACTS

5. Defendant "offers a variety of industrial cleaning, water treatment, facility management, environmental management and container management services to thousands of clients throughout North America." *See* https://www.mpwservices.com/about-mpw/ (last reviewed 3/26/21).

6. Defendant employs workers who are paid a salary and receive some overtime pay for hours worked over 40 per week (hereafter "salaried employees").

7. Plaintiff was employed by Defendant as a salaried employee from approximately February 2018 until March 2021. Specifically, Plaintiff held the job title of Field Service Technician, reported to Defendant's Wilkes-Barre, PA regional office, and was most recently paid a weekly salary of $939.21.

8. Both the FLSA and the PMWA require that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1); 43 P.S. § 333.104(c).

9. Defendant pays Plaintiff and other salaried employees some overtime

compensation for each hour worked over 40 per week. In determining the overtime compensation owed for each overtime hour and consistent with an understanding that the weekly salary is attributable to 40 hours of work, Defendant converts the weekly salary to a regular hourly rate by dividing the salary by 40. Defendant then pays the employee 50% -- rather than 150% -- of the regular hourly rate for each overtime hour.

10. The FLSA allows employers to utilize a "half-time" methodology in paying overtime wages to salaried employees only if, *inter alia*, "the employee and the employer have a clear and mutual understanding that the fixed salary is compensation . . . for the total hours worked each workweek regardless of the number of hours." 29 C.F.R. § 778.114(a)(4). Under these circumstances, "[s]ince the salary is fixed, the regular rate . . . will vary from week to week and is determined by dividing the amount of the salary . . . by the number of hours worked in the workweek." *Id.* at § 778.114(a)(5). Such is not the case here. On the contrary, the salary paid to Plaintiff and other salaried employees was intended to compensate for 40 hours of work. As a result, Plaintiff's regular rate remained constant from week-to-week regardless of the number of hours he worked. For example, during the weeks in which Plaintiff earned a $939.21 salary, his half-time payments always were based on a regular rate of $23.48 ($939.21 *divided by* 40) regardless of the total number of work hours during the week.

11. Meanwhile, under the PMWA, there are no circumstances in which a "half-time" methodology may be used in in paying overtime wages to salaried employees. *See Chevalier v. General Nutrition Centers, Inc.*, 220 A.3d 1038 (Pa. 2020).

## CLASS/COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and brings his PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23. He sues on behalf of every individual who, during any week within the past three years, was employed by Defendant (or any affiliated entity) and was paid a salary plus some overtime wages. The FLSA claim is asserted on behalf of all such employees nationwide, while the PMWA claim is asserted on behalf of all such employees who worked (in whole or in part) in Pennsylvania.

13. Plaintiff's FLSA claim should proceed as a collective action because he and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

14. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

15. The class, upon information and belief, includes over 40 individuals, all of whom are readily ascertainable based on Defendant's business records and are so numerous that joinder of all class members is impracticable.

16. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

17. Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

18. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

19. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I – FLSA

20. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for

hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

21. In paying Plaintiff and other collective members pursuant to the "half-time" methodology described in paragraph 9, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II – PMWA

22. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

23. In paying Plaintiff and other class members pursuant to the "half-time" methodology described in paragraph 9, Defendant violated the PMWA.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

A. Unpaid overtime wages and prejudgment interest;

B. Liquidated damages to the fullest extent permitted under the FLSA;

C. Litigation costs, expenses, and attorneys' fees; and

D. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date:  March 30, 2021 				Respectfully,

_____
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES BRESLIN, on behalf of himself and others similarly situated,<br>      Plaintiff,<br>v.<br>MPW INDUSTRIAL WATER SERVICES, INC.,<br>      Defendant. | : CIVIL ACTION<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **CONSENT TO BECOME PARTY PLAINTIFF**

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

Date: 3/28/2021

*DocuSigned by:*
/s/ James Breslin
0EB752465BAA42A...
JAMES BRESLIN