IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES BRESLIN, on behalf of himself and others similarly situated, | : :  : 3:21-cv-00582-MCC |
| Plaintiff, | : |
| v. | : : |
| MPW INDUSTRIAL WATER SERVICES, INC., | : : |
| Defendant. | : |

**PLAINTIFF'S UNOPPOSED MOTION FOR**
**<u>APPROVAL OF THE COLLECTIVE ACTION SETTLEMENT</u>**

James Breslin ("Plaintiff") and MPW Industrial Water Services, Inc. ("Defendant") have agreed to settle this Fair Labor Standards Act ("FLSA") lawsuit per the accompanying Collective Action Settlement Agreement and Release. *See* ECF No. 24-1. The settlement requires Defendant to pay $188,190 plus employer-side taxes associated with the settlement payments. Although the Third Circuit has not specifically addressed the issue, most judges agree that FLSA settlements must be judicially reviewed for fairness. Plaintiff submits that approval is warranted for the following reasons:

1.     As reflected in this Court's October 27, 2021 stipulated order, Plaintiff pursues this lawsuit on behalf of himself and a putative FLSA collective consisting of himself and 10 additional salaried employees who have both resided in and regularly worked in Pennsylvania since March 30, 2018. *See* ECF No. 22 at

1

¶ 1.  We will call these 10 putative collective members "the PA Employees."

2. Plaintiff asserts claims under both the FLSA and the Pennsylvania Minimum Wage Act ("PMWA").  *See* ECF No. 22 at ¶ 2.[1]  Specifically, Plaintiff challenges Defendant's use of a version of the "fluctuating workweek method" – also known as the "half-time" method – to calculate the overtime wages owed to himself and the PA Employees.  *See* Complaint (ECF No. 1) at ¶¶ 8-11.  As Eastern District of Pennsylvania Judge Eduardo Robreno recently observed, this methodology is permissible under the FLSA if certain conditions are met.  *See Devine v. Northeast Treatment Centers, Inc.*, 2021 WL 4803819, 2021 U.S. Dist. LEXIS 197924, *10-16 (E.D. Pa. Oct. 14, 2021).  Defendant vigorously contends that all such conditions have been met.[2]

3. All agree that Plaintiff and the PA Employees would be owed

---

[1]  The PMWA claim is not pursued as a class action claim under Federal Rule of Civil Procedure 23.  *See* ECF No. 22 at ¶ 2.  This is because the lawsuit covers only 11 individuals, making it impossible to satisfy Rule 23(a)(1)'s "numerosity" requirement.  Notwithstanding, individuals who join an FLSA collective may pursue supplemental state law claims.  *See O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 580 (6th Cir. 2009); *Prickett v. Dekalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003); *Woodward v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 190 n. 10 (M.D. Pa. 2008).

[2]  As observed by Judge Robreno, the fluctuating workweek method is generally disallowed under the PMWA.  *See Devine*, 2021 U.S. Dist. LEXIS 197924, at *16 n. 3.  However, while Defendant's potential exposure under the PMWA may explain why it is willing to this lawsuit, the fairness of the instant settlement must be measured exclusively based on Defendant's exposure under to FLSA.  *See id.*  PMWA claims, after all, can be settled without judicial approval.  Thus, the Court "need not evaluate the settlement based on the PMWA claim."  *Id.*

additional overtime wages if the Court were to reject Defendant's use of the fluctuating workweek method. For example, let's imagine that, during a particular week, an employee earns a salary of $800 and works 50 hours. Under Defendant's methodology, this $800 salary covers the *entire* "straight-time" component of the employee's weekly pay. Thus, the employee is merely owed extra "half-time" wages for each of his 10 overtime hours. Defendant would calculate these half-time wages as equaling **$100** by: (1) dividing the $800 salary by 40 hours to generate an hourly pay rate of $20; (2) halving the $20 rate to generate a half-time rate of $10; and (3) multiplying the $10 half-time rate by the 10 overtime hours. Plaintiff disagrees with this approach and contends that this same employee would be owed **$240**. Plaintiff arrives at this amount by: (1) dividing the $800 salary by the 50 hours worked to generate an hourly pay rate of $16; (2) multiplying the $16 rate by 1.5 to generate a "time-and-one-half" overtime rate of $24; and (3) multiplying the $24 rate by the 10 overtime hours.

4.  Due to the PMWA's mandatory three-year limitations period, this lawsuit covers the time period after March 30, 2018. So, at the outset of this litigation, the parties worked cooperatively to determine – based on the pertinent payroll data – the difference between (i) the amount of overtime wages actually paid to Plaintiff and the PA Employees and (ii) the amount of overtime wages that would have been paid under the more employee-friendly methodology advocated

by Plaintiff. All parties now agree that the difference totals **$147,183** ($41,443 of which is attributable to Plaintiff's overtime work).

5.   Rather than spend time, money, and resources engaged in adversarial litigation, the parties have settled. Under the settlement, Defendant will: (i) pay Plaintiff $41,443, which constitutes 100% of his allegedly unpaid overtime wages; (ii) enable each of the 10 PA Employees to recover 100% of their allegedly unpaid overtime wages;[3] and (iii) pay Plaintiff's counsel from Winebrake & Santillo, LLC ("W&S") $41,007 in attorney's fees and expenses. *See generally* Agreement (ECF No. 24-1). If each of the 10 PA Employees decides to participate in the settlement by completing and returning a form entitled "Consent to Join Action and Release Settled Claims" ("Opt-In/Release Form"),[4] then Defendant will pay a total amount of **$188,190** plus and employer-side taxes associated with the payments to Plaintiff and any participating PA Employees.

6.   It is unclear whether the Court must "certify" this litigation as a

---

[3]  Each PA Employee's payment amount is listed in the table attached to the Agreement as Exhibit A. As indicated, the payment amounts range from $1,475 to $19,138.

[4]  If the Court approves the settlement, each PA Employee will be mailed a package that includes an individualized notice form describing the litigation and the employee's available settlement payment, an individualized Opt-In/Release Form, and a postage-paid return envelope that the employee can use to return the Opt-In/Release Form to W&S. *See* Agreement (ECF No. 24-1) at ¶ 5 and Ex. B-C. Crucially, the settlement (and the associated release of claims) is only binding on those PA Employees who return the Opt-In/Release Form. *See id.* at ¶ 1 (defining "Settlement Participant") and ¶ 4 (limiting Release to Settlement Participants).

collective action in order for this settlement to go forward.  Regardless, collective litigation clearly is appropriate.  The FLSA permits employees to bring suit on behalf of "other employees similarly situated."  29 U.S.C. § 216(b).  In determining whether a group of employees are "similarly situated," courts may consider "whether the plaintiffs are employed in the same corporate department, division, and location; whether they advance similar claims; whether they seek substantially the same form of relief; and whether they have similar salaries and circumstances of employment."  *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 536-37 (3d Cir. 2012); *see, e.g.*, *Carr v. Flowers Foods, Inc.*, 2019 WL 2027299, 2019 U.S. Dist. LEXIS 77541, *10-20 (E.D. Pa. May 8, 2019) (certifying FLSA collective).  Here, each of the *Zavala* factors supports a finding that Plaintiff and the 10 PA Employees are "similarly situated."  Each of these individuals: (i) resided in and regularly worked in Pennsylvania, *see* ECF No. 22 at ¶ 1; (ii) was paid on a salary basis; (iii) were paid overtime wages based on Defendant's standardized calculation methodology; and (iv) would be owed additional overtime wages if the legal theory pursued by Plaintiff is deemed meritorious.  As such, collective litigation is an appropriate and efficient means of resolving the common legal claims of Plaintiff and the 10 PA Employees.  *See, e.g.*, *Evans v. Lowe's Home Centers, Inc.*, 2006 WL 1371073, 2006 U.S. Dist. LEXIS 32104, *4-15 (M.D. Pa. May 18, 2006) (Caputo, J.) (certifying FLSA collective of employees

paid under fluctuating workweek method).

7.      Turning to the settlement itself, it is widely accepted (notwithstanding an absence of Third Circuit authority) that judges should review FLSA settlements to ensure that they constitute "a fair and reasonable resolution of a *bona fide* workplace dispute" and "is consistent with the goals of the FLSA." *Mishra v. Intra-National Home Care LLC*, 2019 WL 5595671, 2019 U.S. Dist. LEXIS 187740, *4 (M.D. Pa. Oct. 30, 2019) (Carlson, M.J.) (citing *Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 522 (E.D. Pa. 2016)); *see also Sheridan v. Scranton Quincy Ambulance, LLC,* 2020 U.S. Dist. LEXIS 186032 (M.D. Pa. Oct. 7, 2020) (Carlson, M.J).  Here, this requirement is easily satisfied because, as discussed above, the settlement enables Plaintiff and each PA Employee to recover **100%** of their alleged unpaid overtime wages by returning an Opt-In/Release Form. Employees who do not return such forms do not waive any legal rights.

8.      Moreover, in reviewing FLSA settlements, "courts have rejected general releases and confidentiality clauses." *Devine*, 2021 U.S. Dist. LEXIS 197924, at *16.  Here, however, the release language is narrowly tailored to wage and hour claims and mirrors the release recently approved in by Judge Robreno in *Devine*. *See id*. at *21-23.  Meanwhile, the confidentiality provision is based on language recently endorsed by this Court.  *Compare* Agreement (ECF No. 24-1) at ¶ 9 and Ex. C *with Brown v. Lyndon City Line Diner, Inc.*, 2021 WL 3492990,

2021 U.S. Dist. LEXIS 148473, *5-6 (M.D. Pa. Aug. 9, 2021) (Carlson, M.J.).

9. Finally, the settlement's $41,007 payment to W&S is reasonable. After reducing this amount by $539 in case-related expenses, this payment results in an attorney's fee of $40,468, which constitutes only **21.5%** of the total $188,190 settlement fund. This fee falls well below the 33% fee often approved in other wage and hour actions. *See Creed v. Benco Dental Supply Co.*, 2013 WL 5276109, 2013 U.S. Dist. LEXIS 132911, *17 (M.D. Pa. Sept. 17, 2013) *(*"an award of one-third of the settlement is consistent with similar settlements throughout the Third Circuit"). Also, because W&S's reported fee lodestar (using the hourly rates described in the Philadelphia Community Legal Services fee schedule) equals $22,638, *see* Declaration of Peter Winebrake (ECF No. 24-2) at ¶ 25, the requested fee results in a lodestar multiplier of 1.79, which falls within the range of multipliers approved by this Court in other wage and hour class/collective actions. *See*, *e.g.*, *Tavares v. S-L Distribution Co., Inc.*, 2016 U.S. Dist. LEXIS 57689, *52-55 (M.D. Pa. May 2, 2016) (approving 2.29 lodestar multiplier).

**WHEREFORE**, Plaintiff respectfully asks the Court to grant this motion

and approve the settlement.  A proposed order is attached.

Date:  January 4, 2022                              Respectfully,

*/s/ Peter Winebrake*

_____
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Michelle L. Tolodziecki
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025

8