IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES BRESLIN, on behalf of himself
and others similarly situated,
         Plaintiff,

v.

MPW INDUSTRIAL WATER
SERVICES, INC.,
         Defendant.

3:21-cv-00582-MCC

FILED
HARRISBURG, PA
JAN 05 2022
PER _____
DEPUTY CLERK

## ORDER

AND NOW, this 5th day of January, 2022, upon consideration of Plaintiff James Breslin's ("Plaintiff's") "Unopposed Motion for Approval of the Collective Action Settlement" ("Motion"), *see* ECF No. 24, the accompanying "Collective Action Settlement Agreement and Release," *see* ECF No. 24-1, the Declaration of Peter Winebrake, *see* ECF No. 24-2, and all other papers and proceedings herein, it is hereby **ORDERED** that the Motion is **GRANTED** as follows:

As reflected in this Court's October 27, 2021 stipulated order, Plaintiff pursues this action on behalf of a putative Fair Labor Standards Act ("FLSA") collective consisting of himself and 10 additional salaried employees who have both resided in and regularly worked in Pennsylvania since March 30, 2018. *See* ECF No. 22 at ¶ 1. Section 16(b) of the FLSA permits Plaintiff to litigate this

action on behalf himself and "other employees similarly situated." 29 U.S.C. § 216(b). Moreover, in determining whether a group of employees are "similarly situated," courts may consider "whether the plaintiffs are employed in the same corporate department, division, and location; whether they advance similar claims; whether they seek substantially the same form of relief; and whether they have similar salaries and circumstances of employment." *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 536-37 (3d Cir. 2012); *see, e.g., Carr v. Flowers Foods, Inc.*, 2019 WL 2027299, 2019 U.S. Dist. LEXIS 77541, *10-20 (E.D. Pa. May 8, 2019) (certifying FLSA collective). Here, each of the *Zavala* factors supports a finding that the 11 covered employees – each of whom was paid overtime pursuant to the "fluctuating workweek" methodology – are "similarly situated." *See Evans v. Lowe's Home Centers, Inc.*, 2006 WL 1371073, 2006 U.S. Dist. LEXIS 32104, *4-15 (M.D. Pa. May 18, 2006) (Caputo, J.) (certifying FLSA collective of employees paid under fluctuating workweek method).

Moreover, the Court approves the settlement because it constitutes "a fair and reasonable resolution of a *bona fide* workplace dispute" and "is consistent with the goals of the FLSA." *Mishra v. Intra-National Home Care LLC*, 2019 WL 5595671, 2019 U.S. Dist. LEXIS 187740, *4 (M.D. Pa. Oct. 30, 2019) (Carlson, M.J.) (citing *Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 522 (E.D. Pa. 2016)); *see also Sheridan v. Scranton Quincy Ambulance, LLC,* 2020 U.S. Dist. LEXIS

186032 (M.D. Pa. Oct. 7, 2020) (Carlson, M.J). Specifically, as represented in Plaintiff's motion papers, the settlement enables each of the covered employees to recover 100% of their alleged unpaid overtime wages by returning a form entitled "Consent to Join Action and Release Settled Claims." *See* ECF No. 24-1 at ¶¶ 4-5 and Ex. C. Employees who do not return such forms do not waive any legal rights.

Third, the Court approves the $41,007 payment to Plaintiff's counsel from Winebrake & Santillo, LLC ("W&S"). After reducing this amount by $539 in case-related expenses, this payment results in an attorney's fee of $40,468, which constitutes only 21.5% of the total $188,190 settlement fund. This fee is reasonable and falls below the 33% fee often approved in other wage and hour actions. *See Creed v. Benco Dental Supply Co.*, 2013 WL 5276109, 2013 U.S. Dist. LEXIS 132911, *17 (M.D. Pa. Sept. 17, 2013) ("an award of one-third of the settlement is consistent with similar settlements throughout the Third Circuit"). Also, because W&S's reported fee lodestar (using the hourly rates described in the Philadelphia Community Legal Services fee schedule) equals $22,638, *see* ECF No. 24-2 at ¶ 25, the requested fee results in a lodestar multiplier of 1.79, which falls within the range of multipliers approved by this Court in other wage and hour class/collective actions. *See, e.g., Tavares v. S-L Distribution Co., Inc.*, 2016 U.S. Dist. LEXIS 57689, *52-55 (M.D. Pa. May 2, 2016) (approving 2.29 lodestar multiplier).

Accordingly, the settlement of this action is **APPROVED** and this action is **DISMISSED WITH PREJUDICE**, although the Court will retain jurisdiction over any disputes pertaining to the enforcement of the settlement.

*/s/ Martin C. Carlson*
Martin C. Carlson, M.J.
United States District Court
Middle District of Pennsylvania